IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gary Conner, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 6847 |
| Firstsource Advantage, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gary Conner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Gary Conner ("Conner"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt owed for an American Express account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Firstsource operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Firstsource was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Firstsource is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Firstsource conducts business in Illinois.

6. Moreover, Defendant Firstsource is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Firstsource acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Conner is a disabled man, with limited assets and income, who fell behind on paying his bills, including one he allegedly owed for an American Express account. When Firstsource began trying to collect the American Express debt from Mr. Conner, by sending him collection letters dated September 25, 2012 and November 9, 2012, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Firstsource's collection actions. Copies of Firstsource's September 25, 2012 and November 9, 2012

letters are attached as Group Exhibit C.

8. Accordingly, on November 9, 2012, one of Mr. Conner's attorneys at LASPD informed Firstsource, in writing, that Mr. Conner was represented by counsel, and directed Firstsource to cease contacting him, and to cease all further collection activities because Mr. Conner was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Firstsource sent Mr. Conner a collection letter, dated August 8, 2013, which demanded payment of the American Express debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on September 16, 2013, one of Mr. Conner's LASPD attorneys had to write to Defendant Firstsource again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Firstsource's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Conner's agent/attorney, LASPD, told Defendant Firstsource to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Firstsource violated § 1692c(c) of the FDCPA.

16. Defendant Firstsource's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Firstsource knew that Mr. Conner was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant Firstsource to cease directly communicating with him.  By directly sending Mr. Conner the August 8, 2013 letter (Exhibit E), despite being advised that he was represented by counsel, Defendant Firstsource violated § 1692c(a)(2) of the FDCPA.

20. Defendant Firstsource's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Gary Conner, prays that this Court:

1. Find that Defendant Firstsource's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Conner, and against Defendant Firstsource, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Gary Conner, demands trial by jury.

                                    Gary Conner,

                                    By: /s/ David J. Philipps
                                    One of Plaintiff's Attorneys

Dated: September 23, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com